IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

STAND ENERGY CORPORATION, et al.,

                Plaintiffs,

v.                                         CIVIL ACTION NO. 2:04-0867

COLUMBIA GAS TRANSMISSION
CORPORATION, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a joint motion to dismiss or, in the alternative, a motion to strike, the federal antitrust claims in the Second Amended Complaint against Defendants Dynergy Inc., SEMCO Pipeline Company, SEMCO Energy Ventures, Inc. f/k/a SEMCO Energy Services, Inc., Virginia Electric and Power Company, and Howard Energy Co., Inc. (collectively referred to as the "Newly Named Shippers") [*see* docket nos. 95 & 96]. In their motion, the Newly Named Shippers assert these claims should be dismissed or struck because the Second Amended Complaint was originally filed without leave to amend and the statute of limitations for these claims expired before leave was requested and granted. Plaintiffs oppose the motion. For the following reasons, the Court agrees with the Newly Named Shippers and **DISMISSES** the federal antitrust claims against them.

# I.
# FACTS

This case originally was filed in the Circuit Court of Kanawha County, West Virginia, on July 14, 2004.[1] The original Defendants named in the suit were companies who own natural gas pipelines and eight select purchasers, marketers, wholesalers, managers, suppliers, sellers and/or shippers of natural gas. On August 11, 2004, Plaintiffs filed their First Amended Complaint which added certain Defendants and dropped other Defendants. Plaintiffs also simultaneously filed a single interrogatory with Defendant Columbia Gas Transmission Corporation ("CGTC") requesting the names of the shippers identified in an Order of the Federal Energy Regulatory Commission ("FERC"), dated October 25, 2000. As Plaintiffs did not know the names of the shippers, they named John Doe Shippers in both Complaints.

On August 13, 2004, Defendants removed the action to this Court, and Plaintiffs filed a motion on September 21, 2004, to shorten the time for a response to the interrogatory they previously filed. By Orders entered on October 12 and 14, 2004, Magistrate Judge Mary E. Stanley directed Defendant CGTC to file a verified answer to the interrogatory by the close of business on October 15, 2004. On October 15, 2004, CGTC filed an emergency motion to stay compliance with Judge Stanley's Orders. This Court denied the emergency motion on the same day, and CGTC disclosed the names of the Newly Named Shippers to Plaintiffs.

---

[1]Plaintiffs assert that earlier actions were brought in the United States District Court for the District of Columbia and in the United States District Court for the District of Maryland. Both of these actions were dismissed and, thereafter, Plaintiff filed the current action in West Virginia.

On October 22, 2004, Plaintiffs filed, without leave of the Court or consent of the original Defendants, a Second Amended Complaint. In the Second Amended Complaint, Plaintiff substituted the John Doe Shippers with the names of the Newly Named Shippers. On November 1, 2004, Plaintiffs filed a motion to file their Second Amended Complaint *nunc pro tunc*. The original Defendants objected to the amendment. However, the Court rejected their argument because they "failed to show a substantial reason why leave should not be granted[.]" Order entered on January 6, 2005, at 6. Now, the Newly Named Shippers have moved to dismiss, asserting that the amendment prejudices them by eliminating a statute of limitations defense as to the federal antitrust claims brought against them.

The Newly Named Shippers contend that the statute of limitations on the federal antitrust claims expired on October 25, 2004, four years after FERC's Order identifying them.[2] On the other hand, Plaintiffs allege that they diligently sought to learn the names of the Newly Named Shippers, but Defendant CGTC withheld that information until this Court required such disclosure by October 15, 2004. One week after learning this information, Plaintiffs filed their Second Amended Complaint naming the Newly Named Shippers as Defendants. Not only did they act diligently, Plaintiffs further argue that the statute of limitations on the federal antitrust claims did not expire on October 25, 2004, because Defendants fraudulently concealed their unlawful actions, delayed disclosure of the names of the Newly Named Shippers, and they continued to commit antitrust violations and carry out their illegal scheme even after the FERC order was issued. As a

---

[2]Under the Clayton Act, any action brought to enforce its provisions must be filed "within four years after the cause of action accrued." 15 U.S.C. § 15b.

result, Plaintiffs assert that the Newly Named Shippers are not prejudiced by the *nunc pro tunc* Order entered on November 1, 2004.

## II.
## STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defending party may move to dismiss if the pleading party has failed to state a claim for which relief may be granted. A Rule 12(b)(6) motion tests the sufficiency of the pleading. It does not resolve factual disputes, "the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citations omitted). In considering the motion, the claims must be viewed in the light most favorable to the non-moving party and all allegations accepted as true. *Id*. Dismissal is appropriate only when it appears beyond a doubt that no set of facts would entitle the pleader to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). As this Court finds that dismissal under this standard is appropriate in this case, the Court **DENIES as moot** the Newly Named Shippers' alternative motion to strike.

## III.
## DISCUSSION

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party seeking to amend a pleading for a second time may only do so by "leave of court or by written consent of the adverse party; and leave shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a). Ordinarily, if leave is required, but not obtained by the party seeking to amend, the amendment is deemed to be "without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval." 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 1484, at 601 (1990) (footnote omitted). In this

case, the Court granted Plaintiffs motion to amend the Complaint, but such leave was not granted until after the Newly Named Shippers claim that the statute of limitations on the federal antitrust claims against them expired. If this is true, it is well established that the loss of a statute of limitations defense constitutes clear legal prejudice and the amendment should not be permitted. *See United States v. Healthsouth Corp.*, 332 F.3d 293, 297 (5th Cir. 2003) (dismissing age discrimination claim where claim was added after the statute of limitations for such claim expired); *Plumley v. Allstate Ins. Co.*, 772 F. Supp. 922, 924 (S.D. W. Va. 1991) (holding "prejudice is obvious when to permit the amendment would virtually eliminate the affirmative defense of the statute of limitations").

Plaintiffs claim, however, that the statute of limitations on their claims did not expire on October 25, 2004, because of fraudulent concealment. Under the doctrine of fraudulent concealment, "the relevant statute of limitations does not commence running until the fraud 'is discovered by, or becomes known to, the party suing[.]'" *Weinberger v. Retail Credit Co.*, 498 F.2d 552, 555 (4th Cir. 1974) (citations omitted). In order to prove fraudulent concealment, the Fourth Circuit has held that a litigant must establish three elements: "(1) Fraudulent concealment by the party raising the statute together with (2) the other party's failure to discover the facts which are the basis of his cause of action despite (3) the exercise of due diligence on his part." *Id*. Plaintiffs argue that because fraudulent concealment raises factual issues, it would be improper to decide this matter on a motion to dismiss. However, the Court disagrees with this conclusion because Plaintiffs concede in their Second Amended Complaint that they could have reasonably learned of the

purported fraudulently concealed activity as early as October 25, 2000. Specifically, in paragraphs 49 and 50 Plaintiffs allege:

> 49. The defendants fraudulently concealed the illegal scheme from the non-select shippers and from the FERC. Specifically, throughout the duration of the illegal scheme (1) the pipeline company defendants deliberately filed false reports with the FERC that concealed from the FERC and the public the existence of the natural gas storage and transportation capacity covertly provided to the select shippers by the pipeline company defendants; (2) the pipeline company defendants deliberately failed to post on their electronic bulletin boards ("EBBs") the availability of the storage and transportation capacity covertly provided by the pipeline company defendants to the select shippers; (3) the pipeline company defendants deliberately concealed the illegal parking and lending services by covertly injecting and withdrawing gas in and out of storage on behalf of the select shippers while interrupting similar storage services for non-select shippers; (4) the pipeline company defendants deliberately concealed the illegal parking and lending services by covertly confirming deliveries off the systems on behalf of the select shippers; (5) the pipeline company defendants deliberately concealed the illegal parking and lending services by failing to apply approved tariff rates to the select shippers, such as the tariff penalty for maintaining a negative or positive imbalance from more than a thirty day period in Storage-in-Transit ("SIT") accounts; (6) the pipeline company defendants deliberately concealed the illegal parking and lending services by failing to assess tariff charges on the select shippers for the injection and withdrawal of natural gas during the pendency of "flow" orders; and (7) the defendants fraudulently concealed that the illegal scheme continued after May of 1999 through the illegal use of parking and lending ("PAL") service.
>
> 50. As a result of defendants' fraudulent concealment of the illegal scheme, the Class

> Representatives and members of the Plaintiff Class could not have reasonably discovered the illegal scheme until the FERC issued its Order on October 25, 2000.

*Second Amended Complaint*, ¶¶ 49 & 50.  Given that Plaintiffs admit that the "illegal scheme" was discoverable on October 25, 2000, the Court finds no reason why the statute of limitations should be tolled as to the federal antitrust claims that arose prior to this date.  Even if Plaintiffs could prove Defendants fraudulently concealed their activity before the FERC Order was issued, the statute of limitations on those claims began to run when FERC issued its Order because the activity was discoverable at that time.

Plaintiffs further argue that the statute of limitations should be extended because of the delayed disclosure of the identity of the Newly Named Shippers.  Specifically, Plaintiffs claim that the basis for their cause of action against these shippers was not known until their identities were revealed.  However, the mere fact that Plaintiffs did not know the identities of the shippers is not enough to toll the statute of limitations unless Plaintiffs can show that the Newly Named Shippers fraudulently concealed their identities. *See Garamendi v. SDI Vendome S.A.*, 276 F. Supp.2d 1030, 1045 (C.D. Cal. 2003) (stating "[a] plaintiff with 'no knowledge' of a wrongdoer's identity will be entitled to equitable tolling only when he makes the 'necessary showing of fraud'" (citations omitted); *Weinberger*, 498 F.2d at 555 (stating that one must show "[f]raudulent concealment by the party raising the statute [of limitations]")).  In this case, Plaintiffs do not have any claim in their Second Amended Complaint which specifically alleges that the Newly Named Shippers fraudulently concealed their identities after the FERC Order was issued.  Moreover, Plaintiffs learned of the identities of the Newly Named Shippers from CGTC *before* the statute of

limitations ran. Thus, Plaintiffs had the information they needed to properly file their Second Amended Complaint before the statute of limitations ran, but they did not do so. *Cf. Brink v. First Credit Resources*, 57 F. Supp.2d 848, 857 (D. Ariz. 1999) (holding where a plaintiff actively seeks the names of additional defendants through discovery before the statute of limitations expired, but such names were not disclosed until after the statute of limitations, it is inappropriate for a defendant to invoke a statute of limitations defense when the plaintiff finally gets the information and attempts to use it). In this light, the Court finds that it is Plaintiffs, not the Newly Named Shippers, who must bear the burden of this mistake–particularly when prejudice to the Newly Named Shippers is obvious in that they would loose their statute of limitations defense.

Finally, Plaintiff argues that the statute of limitations should be extended because of the continuous nature of the federal antitrust violations after FERC issued its Order. As the United States Supreme Court explained in *Zenith Radio Corp. V. Hazeltine Research, Inc.*, 401 U.S. 321 (1971):

> The basic rule is that damages are recoverable under the federal antitrust acts only if suit therefor is "commenced within four years after the cause of action accrued," 15 U.S.C. § 15b, plus any additional number of years during which the statute of limitations was tolled. Generally, a cause of action accrues and the statute begins to run when a defendant commits an act that injures a plaintiff's business. This much is plain from the treble-damage statute itself. 15 U.S.C. § 15. In the context of a continuing conspiracy to violate the antitrust laws, such as the conspiracy in the instant case, this has usually been understood to mean that each time a plaintiff is injured by an act of the defendants a cause of action accrues to him to recover the damages caused by that act and that, as to those damages, the

> statute of limitations runs from the commission of the act. However, each separate cause of action that so accrues entitles a plaintiff to recover not only those damages which he has suffered at the date of accrual, but also those which he will suffer in the future from the particular invasion, including what he has suffered during and will predictably suffer after trial. Thus, if a plaintiff feels the adverse impact of an antitrust conspiracy on a particular date, a cause of action immediately accrues to him to recover all damages incurred by that date and all provable damages that will flow in the future from the acts of the conspirators on that date. To recover those damages, he must sue within the requisite number of years from the accrual of the action.

401 U.S. at 338-339 (citations omitted). At the hearing, the Newly Named Shippers agreed that Plaintiffs' Second Amended Complaint would not be barred by the statute of limitations for any federal antitrust cause of action which accrued less than four years before November 1, 2004, when the Court granted Plaintiffs' motion to amend. Given the holding in *Zenith*, the Court agrees and rules that, to the extent Plaintiffs allege federal antitrust claims which accrued less than four years before the Court granted Plaintiffs' motion to file their Second Amended Complaint, those claims remain pending before this Court.[3]

---

[3] Howard Energy Co., Inc. ("Howard") filed a separate Reply brief in which it adopts the joint Reply brief and states additional reasons why the motion to dismiss should be granted. As the Court herein has granted the motion to dismiss, the Court finds it unnecessary to address the additional arguments made by Howard at this time. The Court will address those issues raised in Howard's independent motion to dismiss in a separate Order.

## IV.
## CONCLUSION

Accordingly, for the foregoing reasons, the Court **GRANTS** the Newly Named Shippers Joint motion to dismiss the alleged federal antitrust claims which accrued more than four years before November 1, 2004, and **DENIES as moot** their motion to strike those claims. Any federal antitrust claims that accrued less than four years before November 1, 2004, and all other claims against the Newly Named Shippers remain pending before this Court.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:	August 4, 2005

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE