IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

STAND ENERGY CORPORATION, et al.,

            Plaintiffs,

v.

COLUMBIA GAS TRANSMISSION
CORPORATION, et al.,

            Defendants.

CIVIL ACTION NO. 2:04-0867
consolidated with civil action nos:
2:04-0868; 2:04-0869; 2:04-0870; 2:04-0871
2:04-0872; 2:04-0873; 2:04-0874

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a motion by SEMCO Energy Ventures, Inc. (f/n/a SEMCO Energy Services, Inc.) to quash service of process and dismiss the Second Amended Complaint [docket no. 87]. In their motion, Semco Energy Ventures, Inc. ("SEV") states that on November 9, 2004, the West Virginia Secretary of State mailed a copy of a summons to "Semco Energy Services, Inc." to an address in Michigan where no entity named "Semco Energy Services, Inc." is located. Instead, it was the address of SEMCO Energy, Inc. and several of its subsidiaries until December 2004. SEV asserts that at least two of SEMCO Energy, Inc.'s subsidiaries have operated under the name SEMCO Energy Services, Inc. One of those entities was incorporated in 1986 and was renamed SEV on April 24, 1997. On that same day, the other SEMCO Energy Services, Inc. was established as a wholly distinct corporate entity, and it maintained an office at the same Michigan address until it was sold in May of 1999.

As there are two entities which operated under the same corporate name, SEV argues that it is impossible to determine from the face of Plaintiffs' Second Amended Complaint which entity Plaintiffs intended to sue. In addition, SEV asserts that both the summons and the Second Amended Complaint are deficient because the Second Amended Complaint does not mention SEV or state a cause of action against it and the Second Amended Complaint is insufficient to establish this Court's personal jurisdiction over SEV. Therefore, SEV moves the Court to quash the service of process pursuant to Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure and dismiss any claims against SEV pursuant to Rule 12(b)(2) and (6) of the Federal Rules of Civil Procedure.

In their Response, Plaintiffs argue that service should not be quashed nor should the claims be dismissed. However, in footnote four of their Response, Plaintiffs concede that they do know which of the SEMCO Energy Services, Inc. was the select shipper they have intended to sue. Therefore, Plaintiff's ask the Court to hold the instant motion in abeyance until discovery can be conducted to determine which of these entities is the proper party.

Upon consideration of the issue raised in this case, the Court **FINDS** that discovery is necessary to determine whether Plaintiffs have served the proper company. Therefore, the Court **GRANTS** Plaintiff 45 days in which to conduct discovery on this issue. In the meantime, the Court **DENIES** SEV's motion **without prejudice**. If, after discovery has been completed, SEV may, if it chooses, renew its motion.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

                ENTER:      August 4, 2005

                _____
                ROBERT C. CHAMBERS
                UNITED STATES DISTRICT JUDGE