IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

STAND ENERGY CORPORATION, et al.,

                Plaintiffs,

v.

COLUMBIA GAS TRANSMISSION
CORPORATION, et al.,

                Defendants.

CIVIL ACTION NO. 2:04-0867
consolidated with civil action nos:
2:04-0868; 2:04-0869; 2:04-0870; 2:04-0871
2:04-0872; 2:04-0873; 2:04-0874

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is a motion by Dynegy Inc. (Dynegy) to dismiss the Second Amended Complaint for lack of personal jurisdiction and to quash service of process [docket no. 92, 169, 198, 227, 256, 285, & 314]. For the reasons stated below, the Court **DENIES** Dynegy's motion.

      In its motion, Dynegy asserts that on November 22, 2004, it received a "Legal Notice" dated November 9, 2004, from the West Virginia Secretary of State, together with a summons and a copy of the Second Amended Complaint which was dated October 25, 2004. Dynegy argues that this notice was not effective and should be quashed because the Secretary of State did not send it "forthwith" as required by West Virginia Code § 56-3-33(c). This section provides, in part:

      (c) Service shall be made by leaving the original and two copies of both the summons and the complaint, . . . with the secretary of state, or in his or

> her office, and such service shall be sufficient upon such nonresident: Provided, That notice of such service and a copy of the summons and complaint shall *forthwith* be sent by registered or certified mail, return receipt requested, by the secretary of state to the defendant at his or her nonresident address . . . .

W. Va. Code § 56-3-33(c), in part (emphasis added). Dynegy cites no case law in support of its position that a delay of fifteen days between October 25, 2004, and November 9, 2004, violates § 56-3-33(c). Instead, Dynegy quotes the first definition of "forthwith" from Black's Law Dictionary which defines it as: "Immediately; without delay" and argues that the Secretary of State did not comply with this definition. *See* Black's Law Dictionary 680 (8th ed. 2004). However, as indicated by Plaintiffs, another definition of "forthwith" is "within a reasonable time under the circumstances." *Id*. Moreover, Plaintiffs note that Dynegy does not allege that it was actually prejudiced by the alleged delay and, if it was prejudiced, it could have asked the Court for additional time to respond. Upon consideration of these facts, the Court agrees with Plaintiffs that Dynegy has failed to show that the alleged delay here was unreasonable or that the Secretary of State failed to comply with § 56-3-33(c). Therefore, the Court finds that the delay cannot serve as a basis for quashing the service of process and, to the extent Dynegy makes this argument, the motion is denied.

Next, Dynegy argues that it is not subject to personal jurisdiction in West Virginia nor is there a basis for this Court to exercise general jurisdiction over it. Attached to their motion, Dynegy submitted an affidavit from Gerald W. Clanton, who currently serves as the company's Assistant Secretary. In the affidavit, Mr. Clanton avers that Dynegy is incorporated in the State of Illinois and has its principal place of business in Texas. He also avers that Dynegy is solely a holding company and it has no offices, employees, agents, or property in West Virginia. He further

states that Dynegy has never conducted business in West Virginia and is not licensed to do so. Moreover, he states that Dynegy has never had any meetings with Columbia Gas Transmission Corporation (CGTC) and it has never had any discussions with CGTC or any other pipeline company to discuss preferred storage and transportation services for any natural gas customers, nor has it ever used CGTC's "electronic bulletin board to nominate, schedule or confirm shipments of gas." *Affidavit of Gerald W. Clanton*, dated January 21, 2005, at ¶ 6. Given this affidavit, Dynegy asserts that it has not engaged in any activities which would make it subject to West Virginia's long-arm statutes. *See* W. Va. Code §§ 56-3-33 and 31D-15-1501.[1]

---

[1] West Virginia Code § 56-3-33(a) provides for personal jurisdiction over a nonresident if a cause of action arises from one of the following acts:

> (1) Transacting any business in this state;
> (2) Contracting to supply services or things in this state;
> (3) Causing tortious injury by an act or omission in this state;
> (4) Causing tortious injury in this state by an act or omission outside this state if he or she regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he or she might reasonably have expected such person to use, consume or be affected by the goods in this state: Provided, That he or she also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> (6) Having an interest in, using or possessing real property in this state; or
> (7) Contracting to insure any person, property

(continued...)

In their Response, Plaintiffs contend it named Dynegy as a defendant in this case because CGTC stated in its verified answer to Plaintiffs' interrogatory that one of the select shippers was "Natural Gas Clearinghouse (effective July 1, 1998, became Dynegy, Inc.)." Moreover, Plaintiffs assert that Dynegy was identified by name as a shipper on CGTC's pipeline system in papers from the Federal Energy Regulatory Commission ("FERC"). Therefore, Plaintiffs claim that there is, at the very least, a genuine issue of material fact whether Dynegy or its purported predecessor Natural Gas Clearinghouse conducted business in West Virginia by participating in the

---

[1](...continued)
>     or risk located within this state at the time of contracting.

W. Va. Code § 56-3-33, in part. Pursuant to West Virginia Code § 31D-15-1501(d), a foreign corporation is considered to be transacting business in West Virginia if:

> (1) The corporation makes a contract to be performed, in whole or in part, by any party thereto in this state;
> (2) The corporation commits a tort, in whole or in part, in this state; or
> (3) The corporation manufactures, sells, offers for sale or supplies any product in a defective condition and that product causes injury to any person or property within this state notwithstanding the fact that the corporation had no agents, servants or employees or contacts within this state at the time of the injury.

W. Va. Code § 31D-15-1501(d).

illegal scheme as alleged in the Second Amended Complaint.[2] *See Second Amended Complaint* ¶¶ 40-42.[3]

---

[2]Plaintiffs assert that Dynegy would have successor liability for the activities of Natural Gas Clearinghouse.

[3]These paragraphs provide:

> 40. Each of the select shippers entered into illegal agreements with TCO at TCO's offices in Charleston, West Virginia pursuant to which the select shippers agreed to participate in the illegal scheme.
>
> 41. All defendants perpetrated the illegal scheme by telephone, facsimile and mail communications to and from TCO's offices in Charleston, West Virginia. These communications included the following: (1) TCO engaged in telephone, facsimile and mail communications with the other pipeline company defendants and with the select shippers from TCO's offices in Charleston, West Virginia; (2) Columbia Gulf engaged in telephone, facsimile and mail communications with TCO from Columbia Gulf's offices to TCO at TCO's offices in Charleston, West Virginia; (3) Cove Point LNG Limited Partnership engaged in telephone, facsimile and mail communications with Columbia Gulf from Cove Point LNG Limited Partnership's offices to TCO at TCO's office in Charleston, West Virginia; and (4) the select shippers engaged in telephone, facsimile and mail communications with TCO from their offices at TCO at TCO's offices in Charleston, West Virginia.
>
> 42. The select shippers perpetrated the illegal scheme subject to this complaint through the use of TCO's electronic bulletin board ("EBB") administered, operated and maintained from TCO's offices in Charleston, West Virginia. Specifically, the select shippers used the EBB to nominate (request),

(continued...)

In *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989), the Fourth Circuit set forth the legal standard for a district court to use in deciding a motion to dismiss made pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In *Combs*, the Fourth Circuit explained that a plaintiff has the burden to prove jurisdiction by a preponderance of the evidence. If a factual dispute arises as to whether or not jurisdiction exists, a district court may hold a separate evidentiary hearing or it may defer ruling on the matter until it receives evidence on the jurisdictional issue at trial. *Id*. If a court proceeds to address the jurisdictional challenge based solely "on the motion papers, supporting legal memoranda, affidavits, other documents, and the relevant allegations of the complaint, the burden on the plaintiff is to make a mere *prima facie* showing of jurisdiction to survive the jurisdictional challenge."*Clark v. Milam*, 830 F. Supp. 316, 319 (S.D. W. Va. 1993). (citations omitted). In this situation, the plaintiff's burden to establish jurisdiction is not heavy, "particularly where the court chooses to rule on the issue without an evidentiary hearing." *Id*. (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1351 (1990)). Indeed, "[m]ere allegations of personal jurisdiction are sufficient for a party to make a prima facie showing." *Id.* (citing *Dowless v. Warren-Rupp Houdailles, Inc.*, 800 F.2d 1305, 1307 (4th Cir.1986)). In resolving jurisdictional challenges in this manner, "the court must resolve factual conflicts in favor of the party asserting jurisdiction for the purpose of determining whether he or she has made the requisite *prima facie* showing." *Id*. (citing *Bakker*, 886 F.2d at 676; *Eastern Marketing Corp. v.*

---

[3](...continued)
        schedule, and confirm (TCO acceptance) shipments of
        gas that were illegally provided to the select shippers
        by the pipeline company defendants pursuant to the
        illegal scheme.

*Second Amended Complaint* ¶¶ 40 - 42.

*Texas Meridian Prod. Co., Inc.*, 798 F. Supp. 363, 364 (S.D. W. Va.1992) (Haden, C.J.)). Additionally, "[t]he Court must 'construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.'" *Id.* (quoting *Bakker*, 886 F.2d at 676) (other citations omitted).

Applying this liberal standard to this case, the Court finds that Plaintiffs have alleged that Dynegy is one of the select shippers that "entered into illegal agreements with [CGTC] . . . at [CGTC's] offices in Charleston, West Virginia[.]" *Second Amended Complaint* ¶ 40. Plaintiffs further allege that all defendants communicated with CGTC in Charleston by way of telephone, facsimile, and mail, and the select shippers perpetrated the illegal scheme by using CGTC's electronic bulletin board which was administered, operated, and maintained in Charleston. *Id.* ¶¶ 41 & 42. Although Dynegy asserts that these allegations are inaccurate and contrary to its affidavit, the Court finds that such allegations, together with the FERC Order and the Interrogatory Response, are clearly sufficient under the above standard to meet the *prima facie* showing of jurisdiction.[4] Moreover, whether or not Dynegy engaged in the tortious conduct alleged in the Second Amended Complaint goes to the fundamental elements of Plaintiffs' case, and the Court will not require Plaintiffs to prove their case against Dynegy before discovery on this issue has even begun. Therefore, the Court **DENIES** Dynegy's motion to dismiss.

---

[4]*See State ex rel. Bell Atlantic-West Virginia, Inc. v. Ranson*, 201 W. Va. 402, 415, 497 S.E.2d 755, 768 (1997) (holding "[w]hen a nonresident defendant files a Rule 12(b)(2) motion . . . and offers affidavits . . . the party resisting such motion may not stand on its pleadings [but] must come forward with affidavits or other proper evidence detailing specific facts demonstrating that the court has jurisdiction over the defendant" (internal quotation and citations omitted)).

Accordingly, for the foregoing reasons, the Court **DENIES** Dynegy's motion to dismiss and motion to quash.[5]

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: August 8, 2005

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[5]To the extent Dynegy joined in this motion with the motions resolved by the Orders entered on June 14, 2005 [docket no. 371] and August 4, 2005 [docket no. 390], those Orders control.