IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

STAND ENERGY CORPORATION, et al.,

Plaintiffs,

v.

COLUMBIA GAS TRANSMISSION
CORPORATION, et al.,

Defendants.

CIVIL  ACTION  NO. 2:04-0867
consolidated with civil action nos:
2:04-0868; 2:04-0869; 2:04-0870; 2:04-0871
2:04-0872; 2:04-0873; 2:04-0874

MEMORANDUM OPINION AND ORDER

Pending before the Court is Howard Energy Co., Inc.'s ("Howard") motion to dismiss

Plaintiffs' Second Amended Complaint [docket nos. 100, 175, 204, 233, 262, 291, & 320].  The

Court held a telephone hearing on the motion of August 8, 2005.  After considering the arguments

by the parties, the Court **GRANTS, in part,** and **DENIES, in part**, Howard's motion.

Attached to its motion, Howard submitted an affidavit by Patrick McGuire.  In the

affidavit, Mr. McGuire states that he currently serves as Howard's Controller and he has worked for

Howard, or its predecessors or affiliates, for the past twenty-one years. *Affidavit of Patrick McGuire*,

dated January 25, 2005, at ¶ 1.  Mr. McGuire further avers that Howard has "not engage[d] in the

business of trading or marketing natural gas" since May 1, 1996. *Id*. at ¶ 2.  On that day, Mr.

McGuire states that Howard "transferred all of its gas trading and marketing assets, operations and

personnel to its subsidiary Howard Energy Marketing, Inc. ("HEM"), and Howard itself exited all

gas trading and marketing activities. *Id*.  As Howard has not engaged in the business since May of

1996, Howard argues in its motion to dismiss that the federal antitrust claims are barred by the statute of limitations.

On August 4, 2005, this Court entered an Order dismissing all federal antitrust claims against the Newly Named Shippers (which includes Howard) that accrued more than four years before November 1, 2004 [docket no. 389].  Although Plaintiffs disagree with the Court's ruling, Plaintiffs' counsel agreed during the telephone hearing that, under the ruling, all federal antitrust claims against Howard would be barred by the statute of limitations as Howard has not participated in gas trading and marketing activities since May of 1996.  Given Howard's exit from the business, the Court agrees that those claims must be dismissed.  Therefore, the Court **GRANTS** Howard's motion to dismiss all federal antitrust claims brought against it.

Next, Howard argues that the state antitrust claims should be dismissed as being barred by the statute of limitations.[1]  The statute of limitations for a state antitrust claim is set forth in West Virginia Code § 47-18-11, which provides:

> Any action brought to enforce the provisions of this article shall be barred unless commenced within four years after the cause of action arose, or if the cause of action is based upon a conspiracy in violation of this article, within four years after the plaintiff discovered, or by the exercise of reasonable diligence should have discovered the facts relied upon for proof of the conspiracy. For the purpose of this section, a cause of action for a continuing violation is deemed to arise at any time during the period of such violation.

---

[1]This issue was not addressed in the Court's previous Order entered on August 4, 2005.

-2-

W. Va. Code § 47-18-11.  As with the federal antitrust claims, the state antitrust claims against Howard were reasonably discoverable when the Federal Energy Regulatory Commission ("FERC") issued its Order on October 25, 2000.  As it is uncontested that Howard was out of the business in 1996, it is in the unique position to argue that there can be no extension of the statute of limitations because of a "continuing violation" by Howard after the FERC Order was issued.  Thus, pursuant to § 47-18-11, and for the reasons stated in the Court's Order entered on August 4, 2005, the Court finds that the four-year statute of limitations for filing a state antitrust claim against Howard expired before the Second Amended Complaint was properly filed.  Therefore, the Court **GRANTS** Howard's motion to dismiss Plaintiffs' state antitrust claims against it.[2]

Lastly, Howard argues that Plaintiffs' claim for unjust enrichment must be dismissed under either the five-year statute of limitations for an oral contract pursuant to West Virginia Code § 55-2-6 or under the doctrine of laches.  The Court need not decide which of these doctrines apply because the Court finds that neither doctrine bars Plaintiffs' claim.  First, as the Court previously has found that Plaintiffs' claim did not arise until October 25, 2000, the Court finds that the five-year statute of limitations did not expire before the Second Amended Complaint was properly filed.  Thus, this claim is not barred by the statute of limitations.  Next, the Court also finds that the doctrine of laches does not bar the claim because Plaintiffs filed their action against Howard very soon after learning of Howard's identity. *See State ex rel. Smith v. Abbot*, 187 W. Va. 261, 264, 418 S.E.2d 575, 578 (1992) (stating "[o]ne who seeks to assert the defense of laches must show "(1) lack

---

[2]To be clear, this decision is limited to Howard's motion, and the Court makes no ruling on the state antitrust claims against the other Newly Named Shipper defendants.

of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense").  As there was no lack of diligence on Plaintiffs' part in filing their claim after they discovered Howard's identity, the Court will not apply the doctrine of laches to bar their unjust enrichment claim.[3]  Thus, the Court **DENIES** Howard's motion to dismiss the unjust enrichment claim.[4]

Accordingly, for the foregoing reasons, the Court **GRANTS** Howard's motion to dismiss the federal and state antitrust claims against it and **DENIES** Howard's motion to dismiss the unjust enrichment claim.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        August 10, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[3]The Court also finds that this claim meets the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

[4]Howard also argues that Plaintiffs' state law claims are preempted by federal law.  In the Court's previous Order entered on June 14, 2005 [docket no. 371], the Court denied dismissing the state law claim on this basis.  Indeed, to the extent Howard joined in this motion with the motions resolved by the Orders entered on June 14, 2005  [docket no. 371] and August 4, 2005 [docket no. 390], those Orders control.