IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

STAND ENERGY CORPORATION, et al.,

                Plaintiffs,

v.                                       CIVIL ACTION NO. 2:04-0867
                                       consolidated with civil action nos:
COLUMBIA GAS TRANSMISSION        2:04-0868; 2:04-0869; 2:04-0870; 2:04-0871
CORPORATION, et al.,                        2:04-0872; 2:04-0873; 2:04-0874

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Howard Energy Co., Inc.'s ("Howard's") motion to reconsider the Court's Order entered on August 10, 2005, to the extent the Court denied its motion to dismiss the unjust enrichment claim brought against it. Plaintiffs oppose the motion and argue that the Court's original decision is correct. Upon reconsideration, however, the Court agrees with Howard and finds that the unjust enrichment claim against it must be dismissed.

Plaintiff's have consistently argued that their unjust enrichment claim against Howard is not barred by a five year statute of limitations that applies to quasi-contractual cases[1] because they could not have discovered the alleged illegal scheme until the Federal Energy Regulatory Commission ("FERC") issued its Order on October 25, 2000. On the other hand, Howard argues that an unjust enrichment claim arising out of a quasi-contractual case accrues on the date that the

---

[1] *See* West Virginia Code § 55-2-6 (setting forth a five year statute of limitations for quasi-contractual claims). The parties appear to agree that the claim is based on an implied contract.

defendant commits the wrongful act giving rise to the claim and the discovery rule does not apply to toll the statute of limitations. Therefore, as Howard existed the gas marketing business on May 1, 1996, Howard argues that the statute of limitations expired before Plaintiffs properly filed this action on November 1, 2004. Upon review, the Court agrees with Howard.

Although the West Virginia Supreme Court has not decided a case directly on point, the district court for this district relied upon West Virginia case law in deciding an analogous case. In *Howard v. United Fuel Gas Co.*, 248 F. Supp. 527 (S.D. W. Va. 1965), the plaintiffs purchased a house in 1955, which had a new gas line installed in 1953. 248 F. Supp. at 528. The gas line exploded ten years after its installation, and the plaintiffs brought an action against the gas company for personal injuries and property damages on theories of negligence and breach of implied warranty. *Id*. As here, the defendants argued that the plaintiffs' claims were barred by the statute of limitations. *Id*. On the other hand, the plaintiffs insisted that the statute of limitations did not accrue under the discovery rule until the explosion occurred. *Id*. at 529.

In analyzing prior West Virginia cases, the court determined that the statute of limitations did not begin to run with respect to the negligence claim until the day the plaintiffs suffered damages by virtue of the explosion. *Id*. at 531. However, the court reached a different result with respect to the implied warranty claim. In reaching this conclusion, the court relied upon the West Virginia Supreme Court's holding in *Merchants' National Bank of West Virginia v. Spates*,

23 S.E. 681 (W. Va. 1895).² In that case, the court had to determine when the statute of limitations began to run on an alleged breach of an implied warranty of the validity of an assigned county draft. The court in *Merchant* held:

> There is a breach at once of the implied warranty that it is a valid subsisting claim. The right of action accrues immediately, and the fact of the vendee's inability then to ascertain the quality or condition of the property will not change the rule. . . . It is not deferred until damages ensure.

23 S.E. at 684 (citations omitted). In applying this holding to the implied warranty of fitness alleged in the case before it, the court in *Howard* stated that, unlike certain tort actions, the discovery rule does not apply to an implied warranty claim and "[t]he contention that the breach was not discoverable until the damages occurred and that a right of action did not accrue until then is unpersuasive and carries no legal significance" in such a case. 248 F. Supp. at 532 (citing *Merchant*). Therefore, the court said that, even if it assumes "there was an implied warranty of fitness of the piping, it is quite clear that the breach occurred at the time of its installation and a right of action accrued at that time and not with the ensuing injuries and damages." *Id*. Thus, the Court found the statute of limitations on that claim expired before the date the plaintiffs filed their lawsuit. *Id*.

In *Howard*, the court also recognized that a breach of implied warranty is a breach of implied contract. *Id*. at 532 (citing *Hoge v. Ward*, 155 S.E. 644 (W. Va. 1930)). Although the present case does not involve a breach of warranty claim, it does involve a quasi-contractual claim.

---

²*Overruled on other grounds by Houston v. Lawhead*, 182 S.E. 780 (W. Va. 1935).

Thus, the Court finds that this case is more similar to *Howard* then those cases sounding in tort in which the discovery rule is applied.  In addition, this conclusion is supported by cases from other jurisdiction which have held the discovery rule does not apply to unjust enrichment claims. *See, e.g., Radon Serv. Agreement Corp. v. Radon Serv. Agreement, Inc.*, No. 3-:04-CV-370, 2005 WL 2086010, at *2 (S.D. Ohio Aug. 26, 2005) (stating "'the discovery rule' does not apply to unjust enrichment claims brought pursuant to Ohio law (citation omitted)); *see generally Baer v. Chase*, 392 F.3d 609, 622 (3rd Cir. 2004) (finding that "while most jurisdictions have not ruled explicitly on whether the discovery rule should apply in *quantum meruit* cases, those that have addressed the issue have chosen not to utilize the discovery rule, but rather to employ a 'last rendition of services' test").  Therefore, as this Court finds that the discovery rule does not apply to Plaintiffs' unjust enrichment claim against Howard, and Howard was out of the gas marketing business no later than May 1, 1996, the five-year statute of limitations on this claim expired long before this action was filed.[3]

Accordingly, the Court **GRANTS** Howard's motion to reconsider the Order entered on August 10, 2005, and **DISMISSES** the unjust enrichment claim against Howard.  As there are no other claims against Howard remaining, the Court further **DISMISSES** Howard as a party to this lawsuit.

---

[3]In the Court's prior Order, it declined to determine whether the statute of limitations or the doctrine of laches applied because in either situation the Court found the unjust enrichment claim was timely filed.  In their original response, Plaintiffs argued that the doctrine of laches does not apply to an unjust enrichment claim, while Howard argued it could be applied in such a case.  Given that the above holding that the discovery rule does not apply to an unjust enrichment claim that arises  from a quasi-contractual case, the Court now finds that, even if the doctrine of laches applied instead of the statute of limitations, it would not save Plaintiffs' claim.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: January 20, 2006

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE