IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CHARLESTON DIVISION**

STAND ENERGY CORPORATION, et al.,

Plaintiffs,

v.

CIVIL  ACTION  NO. 2:04-0867
consolidated with civil action nos:
2:04-0868; 2:04-0869; 2:04-0870; 2:04-0871
2:04-0872; 2:04-0873; 2:04-0874

COLUMBIA GAS TRANSMISSION
CORPORATION, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the plaintiffs' motion to voluntarily dismiss the SEMCO

Defendants.  Also pending before the Court is the motion of SEMCO Energy Ventures, Inc. (f/k/a

SEMCO Energy Services, Inc.) and SEMCO Pipeline Company (collectively SEMCO Defendants)

for summary judgment.  For the reasons set forth herein, the plaintiffs' motion is **DENIED** and the

SEMCO Defendants' motion is **GRANTED.**

**I.**
**Plaintiffs' Motion for Voluntary Dismissal**

In response to the motion of the SEMCO Defendants for summary judgment, the plaintiffs'

filed a motion requesting the Court dismiss the moving defendants, without prejudice pursuant to

Fed. R. Civ. Proc. 41(a)(2), and deny the pending motion for summary judgment as moot.  The

plaintiffs' contend that voluntary dismissal without prejudice is appropriate because evidence may

be discovered during the course of this litigation that would support a claim against the SEMCO Defendants.  If such evidence was uncovered, the plaintiffs' would like to have to ability to amend its pleadings to join the SEMCO Defendants.

Rule 41(a)(2) allows a plaintiff, with the approval of the court, to voluntarily dismiss a defendant at any time without prejudice.  *Id.* The Rule provides in part:

> Except as provided in paragraph (1) of this subdivision of this rule [dismissal before service or answer or dismissal by stipulation], an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper....  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. Proc. 41(a)(2).  "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced."  *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987).  In deciding whether to grant a motion for voluntary dismissal, the district court "must focus primarily on protecting the interests of the defendant."  *Id.*  A district court should not deny a plaintiff's motion for voluntary dismissal pursuant to Rule 41(a)(2) "absent substantial prejudice to the defendant."  *S.A. Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986).  The Fourth Circuit has recognized that "denial of voluntary dismissal is appropriate where summary judgment is imminent." *Davis*, 819 F.2d at 1274 (citing *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir.1969)); see also *Davis*, 819 F.2d at 1277 (voluntary dismissal without prejudice improper with respect to claims "faced with imminent adverse determination in a federal action.") (Phillips, J., dissenting); *Iraheta v. United of Omaha Life Ins. Co.*, 353 F.Supp.2d 592, 596 (D.Md. 2005).  A decision to approve a plaintiff's request for voluntary dismissal is within the sound discretion of the district court.

The plaintiffs' filed its original complaint in this Court on August 13, 2004 and the SEMCO Defendants were named in the amended complaint on October 22, 2004. Over the course of the subsequent year and a half, the SEMCO Defendants have invested substantial time and costs into this litigation. The moving defendants have filed numerous motions to dismiss and the pending motion for summary judgment. The Court finds that voluntary dismissal would result in substantial prejudice to the SEMCO Defendants. *Iraheta v. United of Omaha Life Ins. Co.*, 353 F.Supp.2d 592, 596 (D.Md. 2005) (stating that "[t]he expenses of discovery and preparation of a motion for summary judgment may constitute prejudice sufficient to support denial of a voluntary dismissal") (citing *S.A. Andes*, 788 F.2d at 1036-37). Therefore, the Court **DENIES** the plaintiffs' motion for voluntary dismissal.

## II.
## SEMCO Defendants' Motion for Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256.

Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

The plaintiffs have not refuted the evidence provided by the SEMCO Defendants in support of their motion for summary judgment, but rather, the plaintiffs' have moved for voluntary dismissal of the moving defendants. In support of its motion for voluntary dismissal, the plaintiffs argue that evidence not yet discovered may support future claims against the SEMCO Defendants but have failed to provide any evidence is support of the current claims alleged. The Court has denied the motion for voluntary dismissal and will consider the SEMCO Defendants' motion for summary judgment based on the *evidence* before it.

Attached to the SEMCO Defendants' motion for summary judgment is the affidavit of Steven W. Warsinske. In the affidavit, Mr. Warsinske states that he currently serves as SEMCO Energy, Inc.'s Vice President and Controller and has been employed by SEMCO Energy, Inc. since April 17, 1978. *Affidavit of Steven W. Warsinske*, dated March 17, 2006, at ¶ 1. Relying on Mr. Warsinske's affidavit, the Court will try to unravel the confusing history of the SEMCO entities.

Beginning in at least 1995 through April 24, 1997, SEMCO Energy Services, Inc (a subsidiary of SEMCO Energy, Inc.) was engaged in the business of trading and marketing natural gas. *Id.* at ¶ 2. However, on April 24, 1997, this entity was renamed SEMCO Energy Ventures and since that date it has not engaged in the business of trading or marketing natural gas nor has it operated under the name of SEMCO Energy Services, Inc. *Id.* On April 24, 1997, SEMCO Energy,

-4-

Inc. created a second entity named SEMCO Energy Services, Inc. *Id.* at ¶ 3.  This second SEMCO

Energy Services, Inc. was engaged in the business of trading and marketing natural gas beginning

on or around April 24, 1997. *Id.*  Additionally, this entity transacted business in its own name and

in the name of SEMCO Pipeline Company. *Id.*  "In or around April 1999, certain of the second

SEMCO Energy Services, Inc.'s gas marketing assets were assigned to Marathon Oil and the entity,

and its remaining gas marketing business, was sold by SEMCO Energy, Inc. to CoEnergy Trading

Co.  Since that time this entity has been unrelated to any SEMCO entity."  SEMCO's Memorandum

in Support, Exhibit 2; *see also Affidavit of Warsinske* at ¶ ¶ 4 and 5.  Finally, Mr. Warsinske states

that SEMCO Pipeline Co. has not engaged in the trading or marketing of natural gas since April,

1999. *Affidavit of Warsinske* at ¶ 6.  In summary, the evidence shows that the SEMCO Defendants

have not engaged in the business of trading and marketing natural gas since no later than April,

1999.[1]

In the Memorandum Opinion and Order entered on August 4, 2005, the Court dismissed

the federal antitrust claims against the Newly Named Shippers[2] contained in the Second Amended

Complaint (SAC) which accrued more than four years before November 1, 2004.  Because the

SEMCO Defendants exited the business by April, 1999, all federal antitrust claims against them

were dismissed by virtue of the Court's August 4, 2005 Order.  In regards to the state antitrust

claims because the SEMCO Defendants were out of the business in 1999, there can be no extension

---

[1]In fact, according to the affidavit of Mr. Warsinske, SEMCO Energy Ventures, Inc. has not engaged in the business of trading and marketing natural gas since April 24, 1997.

[2]The Newly Named Shippers include Defendants Dynergy Inc., SEMCO Pipeline Company, SEMCO Energy Ventures, Inc. f/k/a SEMCO Energy Services, Inc., Virginia Electric and Power Company, and Howard Energy Co., Inc.

of the statute of limitations due to a "continuing violation" by the SEMCO Defendants after the Federal Energy Regulatory Commission's October 25, 2000 Order was issued.  Therefore, for the reasons stated in the Memorandum Opinion and Order entered on August 10, 2005, the SEMCO Defendants are entitled to judgment on the state antitrust claims alleged against them in the SAC. Finally, for the reasons stated in the Memorandum Opinion and Order entered on January 20, 2006, and because the SEMCO Defendants exited the business more than five years prior to the filing of the SAC, summary judgment is also appropriate on the unjust enrichment claims as to the SEMCO Defendants contained in the SAC.

### III.
### Conclusion

For the reasons stated, the Court **DENIES** the plaintiffs' motion for voluntary dismissal; **GRANTS** the SEMCO Defendants' motion for summary judgment.  Because no claims remain as to the SEMCO Defendants, the Court **DISMISSES** SEMCO Energy Services, Inc. and SEMCO Pipeline Company as parties to this lawsuit.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        June 14, 2006

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE