IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

STAND ENERGY CORPORATION, et al.,

                Plaintiffs,

v.                                CIVIL ACTION NO. 2:04-0867
                                consolidated with civil action nos:
                                2:04-0868; 2:04-0869; 2:04-0870; 2:04-0871
                                2:04-0872; 2:04-0873; 2:04-0874

COLUMBIA GAS TRANSMISSION
CORPORATION, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Defendants Virginia Electric and Power Company, Dynergy, Inc., and El Paso Merchant Energy L.P. (collectively referred to as the Shipper Defendants) filed a Joint Motion to Reconsider in Part Motion to Dismiss and for Judgment on the Pleadings. [Doc. no. 656]. Their motion asserts that the United States Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), alters the standard by which district courts examine the sufficiency of an antitrust complaint. Defendants argue that *Twombly* sets a higher standard for pleading antitrust conspiracy claims and that this Court should reconsider, and grant, Defendants' previous motion to dismiss. For the reasons stated below, the Court **GRANTS in part and DENIES in part** the Joint Motion.

Plaintiffs' Second Amended Complaint (SAC) alleges several antitrust claims against the Defendants arising out of the use of "gas imbalance transactions" and a "parking and lending" scheme, which Plaintiffs allege violated federal and state antitrust laws, by Defendants Columbia

Gas Transmission Corporation, Columbia Gulf Transmission Company and Dominion Cove Point LNG, LP (the Pipeline Defendants). These allegations were discussed in considerable detail in the Court's Order of June 14, 2005, granting in part and denying in part the joint motion to dismiss. Although considerable discovery ensued, the focus of the Shipper Defendants' joint motion to reconsider is a change in the law, not the evidence. In its earlier Order the Court applied the familiar test from *Conley v. Gibson,* 355 U.S. 41 (1957):

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

355 U.S. at 45-56 (footnote omitted).

The "no set of facts" language has now been cast aside "as an incomplete, negative gloss on an accepted pleading standard . . . ." *Twombly*, 127 S. Ct. at 1969 (citations omitted). Instead, the Supreme Court embraced a new standard that seemingly requires every complaint to include factual averments sufficient to make the legal claims plausible. *Id*. at 1965. *Twombly* has particular relevance to antitrust claims as the Supreme Court applied this "plausibility" test specifically to Sherman Act claims. Explaining that antitrust conspiracy claims require more than just parallel conduct or interdependent action by competitors, the Court required factual allegations sufficient to demonstrate an agreement to restrain trade, not just conduct which may be consistent with an agreement. *Id*. at 1966. Anticompetitive conduct undertaken unilaterally and not pursuant to an agreement to restrain trade is not illegal, so facts suggesting an agreement are crucial to a claim.

Inarguably, *Twombly* imposes a more demanding standard for pleading antitrust claims than that which this Court followed in its earlier ruling. The Shipping Defendants argue that when

*Twombly* is applied to Plaintiffs' claims of horizontal conspiracy, vertical conspiracy, and monopolization, the Court must find the SAC fails to sufficiently state antitrust claims. They also attack Plaintiffs' unjust enrichment claim. Plaintiffs respond by pointing out the substantial factual allegations stated in their SAC and the facts established by the Federal Energy Regulation Commission (FERC) in its Order of October 25, 2000. *See* Exhibit 1, *Plaintiffs' Memorandum in Opposition to the Motion of the Shipper Defendants to Reconsider in Part Motion to Dismiss and for Judgment on the Pleadings.* Alternatively, Plaintiffs seek an opportunity to amend the SAC to more fully state facts to satisfy the *Twombly* standard.

As to Plaintiffs' claims of a vertical conspiracy, the SAC is sufficient. The complaint alleges, as the FERC Order states, that Defendant Columbia agreed with the Shipper Defendants to permit the gas imbalance transactions which Plaintiffs allege violate antitrust statutes. The SAC specifically describes the transactions between the Pipeline Defendants and the shippers and alleges these transactions resulted in antitrust violations. "A rimless wheel conspiracy is one in which various defendants enter into separate agreements with a common defendant, but where the defendants have no connection with one another, other than the common defendant's involvement in each transaction." *Dickson v. Microsoft Corp.*, 309 F.3d 193, 203 (4th Cir. 2002) (internal quotation marks and citation omitted). The SAC supplies enough factual matter to suggest that the Pipeline Defendants made an agreement with each Shipper Defendant to restrain trade. Nothing more is required to satisfy *Twombly* and defeat a motion to dismiss.

The Shipper Defendants assert that Plaintiffs' horizontal conspiracy claims fail because the SAC sets forth no factual basis for its allegations that the shippers agreed with each other to restrain trade. Plaintiffs point to the stipulated facts contained in the FERC Order, which describe a vertical

conspiracy, and ask the Court to infer an agreement among the shippers to fix prices in furtherance of their horizontal conspiracy. The Court rejects this rationale. Neither the SAC nor the FERC Order state facts which if true establish an agreement among or between the shippers, an essential element of a horizontal conspiracy claim.

As to Plaintiffs' monopolizing claims, the Shipper Defendants assert Plaintiffs failed to allege facts to support an agreement *among* Defendants to form a monopoly and failed to identify the market shares of the supposed conspirators. Plaintiffs offer no response. The SAC provides no factual averments to support the conclusory allegations that the Shipper Defendants conspired with each other or with the Pipeline Defendants to establish monopoly control over the identified markets. The Court finds the factual averments which support a claim of agreement for a vertical conspiracy do not suffice to describe an agreement to monopolize.

Lastly, although Plaintiffs did not address their unjust enrichment claim, the Court is satisfied that the SAC meets the test imposed by *Twombly*. In sum, Plaintiffs contends they were deprived of their usual and expected access to the pipelines, being forced to give up their shares to the Shipper Defendants. Unlike more complex antitrust claims, unjust enrichment is a common and uncomplicated legal claim. Here, the evidence may be complex but the elements of the claim are not. The SAC sufficiently apprises Defendants of the transactions and conduct on which Plaintiffs rely.

Accordingly, the Court **GRANTS in part and DENIES in part** the Shipper Defendants' Joint Motion to Reconsider. Counts Six, Eight, Eleven and Thirteen are **DISMISSED,** but the Court **GRANTS** leave to Plaintiffs to file a third amended complaint, on or before November 1, 2007, should Plaintiffs believe they may add the factual allegations necessary to correct these deficiencies

in their Second Amended Complaint. The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion and Order to all counsel of record.

        ENTER:       October 18, 2007

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE